## PAGE *v.* MARSH.

A contract of apprenticeship, not conformable to the statute, is voidable only by the apprentice, and cannot be avoided by any other person or party, for that reason.

If the apprentice fulfil the stipulations of such voidable contract, he will be entitled to the benefits accruing to himself from its terms.

Where a father binds his son as an apprentice, by a contract not in conformity to the provisions of the statute, after such contract has been avoided by the apprentice, the law will not imply a promise by the master to pay the father for the services of the son during a portion of his apprenticeship, if, by the terms of the contract, nothing was to be paid for his services during the whole period thereof.

ASSUMPSIT, on account annexed.   Writ dated Aug. 4, 1855.

The plaintiff's minor son, Joseph M. Page, worked for the defendant from March 20, 1851, to August 30, 1854, three years and five months ; and the plaintiff brought this suit to recover the value of said services.

It was agreed that at or about the time the services of said minor son commenced, the plaintiff and defendant, and the plaintiff's minor son, Joseph M. Page, intending to bind the said minor son of the plaintiff, then being above the age of fourteen years, as an apprentice to the defendant, under the provisions of section 2, chapter 160, of the Compiled Statutes, made and executed a single instrument of indenture between the parties, containing an expression of said minor's assent thereto, in strict conformity to the requirements of the statute, the said minor signifying his assent by signing and sealing said instrument ; that no indenture of the other part was made, and that said single executed indenture remained in the possession of the defendant.

The plaintiff complained that his said minor son thereafterward rendered the services charged in the writ in this suit, and continued in the service of said defendant three years and five months, when he became dissatisfied and left the defendant's service, alleging that he was not properly clothed, and that he

was unkindly treated; whereupon the plaintiff brought this suit to recover the value of said three years and five months' services.

The defendant, on his part, alleged that said minor son was properly clothed and kindly treated, and that he was ready and willing to receive and pay for the services of said minor son, according to the tenor of said indenture, and not otherwise, and that he was not bound to pay for said services as the plaintiff alleged in this suit, because the conditions of said indenture had not been fulfilled.

If the indenture is a bar to this suit, the plaintiff to become nonsuit; otherwise, to recover such sum as the services of said minor son are reasonably worth.

*T. J. Whipple,* for the plaintiff.

*J. P. Hutchinson* and *G. W. Stevens,* for the defendant.

FOWLER, J.   The second section of the one hundred and fifty-first chapter of the Revised Statutes provides that minors above the age of fourteen years may be bound, with their consent, by their fathers, or, after their decease, by their mothers or guardians, as apprentices or servants — females until the age of eighteen years, or to the time of their marriage within that age, and males to the age of twenty-one years; the consent of such minors being distinctly expressed in the indentures, and testified by their signing the same.   The third section of the same chapter enacts that no minor shall be thus bound except by an indenture of two parts, signed, sealed and delivered by both parties.   The fourth section requires one part of the indenture to be kept by the master or mistress, and the other part by the parent or guardian of the minor.   The fifth section declares all indentures executed according to the provisions of the previous sections to be good and effectual in law against all the parties thereto.

The case finds, that, although the indenture by which the plaintiff undertook to bind his minor son, for whose services he

claims to recover compensation in the present suit, to the defendant during the period of his minority, was made with the assent of the minor thereto expressed therein, and signified by his signing and sealing the same, and otherwise executed in exact conformity to the requirements of the statute ; yet no indenture of the other or second part was ever executed, and the single instrument so executed remained in the possession of the defendant.  Under these circumstances it seems clear that the express and positive provision of the statute, that the minor shall not be bound by such a contract, must operate to release him from any legal liability to perform its stipulations.  By this it is to be understood that he was at liberty to avoid its obligations, if he chose to do so.  The statute does not make the contract null and void as to the minor for the want of a duplicate thereof, but only voidable at his election.  If he had chosen to fulfill its conditions, there can be no doubt he would have been entitled to its benefits.  As he has availed himself of his privilege, and avoided the binding out, so far as concerns himself, by leaving the defendant's service, the contract is no longer of any validity, so far as concerns the continuance of his apprenticeship.  He cannot be compelled by it to return to the defendant's service.

But the statute does not require duplicate indentures, to render the contract binding on the other parties thereto, and does not authorize any one but the minor to avoid its obligations because only a single instrument is executed.  As between the plaintiff and defendant the contract is good and valid at common law as well as by statute.  The plaintiff, being entitled as a father to the services of his minor son, and bound to support and educate him, had a right to transfer those services, and his own right to compensation for them, to the defendant, in consideration of the defendant's furnishing to the son the support and education stipulated for in the indenture, and he must be bound by the contract he has made on that subject.  A contract of apprenticeship, which is not conformable to our statute, is voidable only by the apprentice, and cannot be avoided by any other person or party, for that reason.  As between the plaintiff and

defendant, the indenture of apprenticeship referred to in the case is a valid contract, of binding force, in no way impaired or vitiated. by the want of the proper execution of a duplicate thereof, nor by the conduct of the apprentice in avoiding its obligations upon himself. So far as relates to the mutual rights and duties of the parties to the present suit, they are precisely the same they would have been, if an indenture of the other part had been duly and properly executed. If either has just cause of complaint against the other, growing out of the contract between them, the remedy is upon the contract. *Fowler* v. *Hollenbeck*, 9 Barber 309.

Upon this view of the proper construction of · the statute and of the rights of the parties, it is apparent that an action of *indebitatus assumpsit*, on a *quantum meruit* for the labor and services of the minor, which must be taken to have been performed in fulfilment of an express subsisting contract, under seal between the parties, cannot be maintained.

Nor can the plaintiff be relieved from the operation of his own contract so as to sustain the present action, by treating that contract as broken, abandoned, or rescinded, under the rule promulgated in *Britton* v. *Turner*, 6 N. H. 481, recognized in other cases, and now to be regarded as settled law in this State. That rule is, that where, under a special contract, a party actually receives valuable labor, and thereby derives a benefit and advantage over and above all damage resulting from a breach of the contract by the other party, the labor actually done and the value received furnish a new consideration, and the law thereupon raises a promise to pay to the extent of the reasonable worth of the excess; the implied promise in such case being to pay such portion of the stipulated price for the whole labor, as may remain after deducting what it would cost to procure a completion of the whole service, and also any damage which may have been sustained by reason of the non-fulfilment of the contract. In the present contract, it was expressly agreed by the parties that nothing whatever should be paid by the defendant to the plaintiff for the whole labor of the minor during the entire period of his

apprenticeship. The plaintiff is, therefore, estopped by his own positive covenant and agreement, to assert that the defendant has received any valuable labor, and there is no price fixed by the contract to be paid by the defendant to the plaintiff for the whole labor, and consequently no excess to be recovered by the plaintiff, after deducting from the whole price, as determined by the contract, the expense of procuring the completion of the whole service, and the damage resulting from the breach.

Where there is no express promise to pay, the law, moving upon the very justice of the case, will imply such promise, when *ex æquo et bono* the money is due ; and ordinarily it is enough for a party claiming compensation for services rendered · without any express contract, to show them to have been performed with the knowledge and assent of the defendant, and their value, in order to recover such value. So, under the rule in *Turner* v. *Britton,* if the party can show that services rendered under an express contract, not fulfilled or completed, were of value to the defendant, over and above all expenses and damages resulting from its non-fulfillment, when estimated by the manner of value or price fixed by the contract itself for the whole amount of stipulated services, the law will raise an implied promise, by force of which he may recover such excess of value. But it would be absurd to hold that where the contract expressly provides that nothing whatever shall be paid to the party for the whole service, the law can imply a promise to pay anything for less than the whole. The law will imply a promise, when substantial justice requires it, where none existed before, and will so construe the express stipulations of parties as to raise therefrom an implied promise to pay an equitable recompense for any excess of value received by one in consequence of the non-performance or abandonment of his contract by another, estimating such excess by the standard of value established by the mutual agreement of the parties themselves. But it will never imply a promise to pay for that as valuable which the parties have understandingly agreed and deliberately treated between themselves as valueless, nor enable a party to recover, by any implication, compensation for a portion

of services rendered under a distinct and positive contract that he should not claim or receive anything for the whole.

The plaintiff's son appears to have gone to reside with the defendant as an apprentice, and not for wages, or any compensation ever to be paid to the father. He must be taken to have continued with him during the period for which compensation is now sought to be recovered by the father, as an apprentice, and not for hire. There could have been no expectation of any other compensation for his services than that stipulated in the indenture to be rendered to the son. There is nothing in the case to induce the belief that the defendant would have retained the minor in his service a single day, had he supposed he was to pay his father wages for his labor. The relation of master and apprentice subsisted by the express and valid agreement of the plaintiff, still binding upon him; and, while the minor continued with the defendant, under that agreement, the plaintiff can have no possible claim to compensation for his services by either express or implied contract. *Maltby* v. *Harwood*, 12 Barber 473-480; *Griffin* v. *Pattee*, 14 Wendell 209; *Livingston* v. *Ackeston*, 5 Cowen 531; *Williams* v. *Hutchinson*, 3 Comstock 312; *Williams* v. *Finch*, 2 Barber 208.

As, in our opinion, the contract of apprenticeship was valid and binding upon the plaintiff, notwithstanding the want of such conformity to the statute as to render the same obligatory on the apprentice after he chose to avoid it, and as by the terms thereof the plaintiff is precluded from recovering compensation for the services of his son during the period of his service under that contract, as well from the entire absence of any express promise, as of any promise implied in law, on the part of the defendant, to pay him anything therefor, according to the terms of the agreed case there must be

*Judgment for the defendant upon nonsuit.*